# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Laura Paulette Hall-Carney<br>　　　　　　　　Debtor(s) | CHAPTER 13 |
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC f/k/a Quicken Loans, Inc.<br>　　　　　　　　Movant<br>vs. | NO. 18-10958 ELF |
| Laura Paulette Hall-Carney<br>　　　　　　　　Debtor(s)<br><br>Kenneth E. West Esq.<br>　　　　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of September 10, 2021, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence was **$6,677.65,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | January 2021 through August 2021 at $581.78/month |
| Escrow Balance: | $2,832.46 |
| Tax Refund from City: | ($342.18) |
| Suspense Balance: | ($466.87) |
| **Total Post-Petition Arrears** | **$6,677.65** |

2. On or about September 16, 2021, Movant received funds in the amount of $3,000.00 towards the above listed arrears.

3. On or about September 17, 2021, Movant received funds in the amount of $1,163.56, of which $581.78 applied to September 2021's post-petition payment and $581.78 applied to October 2021's post-petition payment.

4. The Debtor(s) shall cure the remaining arrearages, in the amount of $3,677.65 in the following manner:

　　　　a) Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan, including any necessary motions, to include the remaining post-petition arrears of **$3,677.65**.

　　　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,677.65** along with any pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

5. Beginning with the payment due November 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $581.78 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month.

6. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

7. Additionally, upon execution and Court approval of this Stipulation, Movant's underlying loan shall be de-escrowed, and Debtor shall be responsible for maintaining and paying all real property taxes and hazard insurance on the property as required by the Note and Mortgage.

8. In the event the payments under Section 5 above are not tendered pursuant to the terms of this stipulation or Debtor fails to maintain real property taxes and/or hazard insurance, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

9. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10. If the case is converted to Chapter 7 and the loan is delinquent, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

11. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

12. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

13.     The parties agree that a facsimile signature shall be considered an original signature.

Date: __October 1, 2021__            /s/Rebecca A. Solarz, Esq.
                                                   Rebecca A. Solarz, Esq.
                                                   Attorney for Movant

Date: __October 6, 2021__            /s/ Dwayne M. Grannum, Esq.
                                                   Dwayne M. Grannum Esq.
                                                   Attorney for Debtor(s)

Date: _October 13, 2021_            */s/ LeRoy W. Etheridge, Esquire, for*\*    *\*No objection to its terms, without prejudice to any of our rights and remedies*
                                                   Kenneth E. West Esq.
                                                   Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

                                                   _____
                                                   Bankruptcy Judge
                                                   Eric L. Frank